UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
GARY HOSKING, individually and on behalf of
all others similarly situated,

                Plaintiff,                     **MEMORANDUM & ORDER**
                                                   07-CV-2200 (MKB)

            v.

NEW WORLD MORTGAGE, INC., NEW
WORLD CAPITAL HOLDINGS, INC.,
EDWARD MUNTEANU, KEVIN LEONARD
and FRANCIS LEONARD,

                Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Gary Hosking filed the above-captioned action against Defendants New World Mortgage, Inc. ("New World Mortgage"), New World Capital Holdings, Inc. ("New World Capital"), Edward Munteanu, Kevin Leonard and Francis Leonard alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law on behalf of himself and other similarly situated individuals. Default judgments were entered against Defendants New World Mortgage, New World Capital and Munteanu.[1] (Docket Entry Nos. 51, 83, 117.) By Order dated January 26, 2010, Hosking's proposed class was conditionally certified ("Plaintiffs"). (Docket Entry No. 97.) On November 19, 2012, Plaintiffs filed a motion seeking damages, which motion was referred to Magistrate Judge Arlene Lindsay. On December 20, 2012, Judge

---

[1] Plaintiffs never served Kevin Leonard and Francis Leonard with the Complaint and the Complaint is hereby dismissed as to them. *See Prime 4 Ventures, Inc. v. Creative Concepts of Am., Inc.*, 362 F. App'x 168 (2d Cir. 2010) (affirming district court decision dismissing defendant pursuant to Fed. R. Civ. P. 4(m) where more than 120 days had passed since the commencement of the action and no proof of service on the defendant had been filed).

Lindsay filed a report and recommendation ("First R&R") recommending that the Court deny Plaintiffs' motion for damages. Plaintiffs timely filed objections ("First Objections") to the First R&R, objecting only to the extent that they were not allowed an opportunity to submit additional documents in support of the motion.

On January 8, 2013, the Court adopted the First R&R, denied Plaintiffs' motion for damages, but allowed Plaintiffs 30 days to submit certain additional supporting evidence. Pursuant to the Court's January 8, 2013 Order, Plaintiffs filed a supplemental motion for damages on February 6, 2013, which was referred to Judge Lindsay for a report and recommendation. On August 14, 2013, Judge Lindsay filed a report and recommendation ("Second R&R") recommending that this Court deny Plaintiffs' supplemental motion for damages. Plaintiffs timely filed objections ("Second Objections") to the Second R&R on August 28, 2013. For the reasons set forth below, the Second R&R is adopted in its entirety and Plaintiffs' supplemental motion for damages is denied.

**I. Background**

    **a. Procedural History**

The facts and procedural history of this action are set forth in detail in Judge Lindsay's First R&R and are repeated here as necessary to provide context for this decision. Plaintiff Hosking worked as a loan officer for Defendants New World Mortgage and New World Capital from April 2006 to February 2007. (Hosking Decl. ¶ 3.) Hosking commenced this FLSA action in May 2007 to recover overtime compensation. (Docket Entry No. 1.) On March 27, 2008, Hosking moved to amend his Complaint to add (1) the individual officers of New World Mortgage and New World Capital; (2) a New York state law claim for failure to pay overtime and minimum wages; and (3) a claim for failure to pay minimum wages under the FLSA. (Docket Entry No. 43.) While the motion to amend the Complaint was pending, Hosking moved

2

for a default judgment against New World Mortgage. (Docket Entry No. 49.) On July 21, 2008, the Honorable Arthur Spatt granted the motion for a default judgment against New World Mortgage. (Docket Entry No. 51.) Over seven months later, on March 9, 2009, Judge Spatt granted Hosking's motion to amend the Complaint, permitting Hosking to add the individual Defendants and the additional FLSA and state law claims. (Docket Entry No. 63.) The Amended Complaint was filed on March 9, 2009. (Docket Entry No. 64.)

On October 5, 2009, Judge Spatt granted Hosking's motion for a default judgment against Munteanu. (Docket Entry No. 83.) Judge Spatt subsequently granted Hosking's motion for conditional certification to proceed as a collective action on January 26, 2010. (Docket Entry No. 97.) On September 7, 2012, Plaintiffs and New World Capital stipulated to the entry of a default judgment against New World Capital. (Docket Entry No. 116.) This Court so ordered the stipulation on September 18, 2012. (Docket Entry No. 117.)

### b. Plaintiffs' First Motion for Damages and Judge Lindsay's First R&R

On November 19, 2012, Plaintiffs filed a motion for damages, which the Court referred to Judge Lindsay for a report and recommendation. (Docket Entry No. 121; Order dated Nov. 26, 2012.) Plaintiffs sought collective class damages against New World Mortgage, New World Capital and Munteanu on their FLSA overtime and minimum wages claims. (Docket Entry No. 121.)

Judge Lindsay issued the First R&R on December 20, 2012, recommending that the motion be denied, because based on the submissions, there was no basis for the damages requested by Plaintiffs. (Docket Entry No. 123 ("First R&R").) Judge Lindsay noted Plaintiffs' failure to address the timing of the three default judgments. (*Id.* at 4–5.) Specifically, the default judgment against New World Mortgage was entered almost eight months before Plaintiffs filed the Amended Complaint which added the minimum wage claims, but Plaintiffs sought minimum

3

wage damages against New World Mortgage and did not explain why they were entitled to those damages. (*Id.* at 4.) Judge Lindsay further noted that the motion for conditional class certification was granted after the default judgments against both New World Mortgage and Munteanu were entered, but Plaintiffs sought collective damages against New World Mortgage and Munteanu and "[P]laintiffs have failed to provide any support for their demand that they be awarded collective class damages with respect to [New World] Mortgage and Munteanu." (*Id.* at 4–5.)

Judge Lindsay also found Plaintiffs' damages calculation to be deficient. (*Id.*) She observed that in FLSA cases where a plaintiff is deprived of the necessary employee records required by the FLSA, such as by a defendant's default, courts permit the plaintiff to rely on their recollection and estimates of the hours worked. (*Id.*) Judge Lindsay found that consistent with this practice, Plaintiffs estimated that they each worked an average of 66 hours each week. (*Id.* at 6.) Judge Lindsay found, however, that Plaintiffs' estimate of the number of weeks worked was deficient because Plaintiffs failed to submit documentary support for the figures used, in particular dates of employment or the number of weeks or months worked. (*Id.*) In particular, Judge Lindsay found that Plaintiffs' claim that one Plaintiff "worked 70 hours a week, 52 weeks a year, for two years straight, simply strains credibility." (*Id.* at 6–7.) Judge Lindsay concluded that "without additional evidence, the court cannot be ensured there is a basis for the damages specified in the default judgment[]." (*Id.* at 7 (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).)

As to counsel's application for attorneys' fees and costs, Judge Lindsay found it lacking because "[P]laintiffs' counsel . . . failed to submit any information addressing the reasonableness of the hourly rate sought," and failed to "provide contemporaneous time records . . . . Counsel

4

for [P]laintiffs simply attests that his hours are based on contemporaneous records and states the type of costs expended, but no records have been submitted to the court." (*Id.* at 8.) Judge Lindsay concluded that Plaintiffs' submission did "not provide the basis for an award of damages" and recommended that Plaintiffs' motion for damages be denied. (*Id.*)

### c. Plaintiffs' Objections to the First R&R

On January 4, 2013, Plaintiffs timely filed objections to the First R&R. (Docket Entry No. 125.) In Plaintiffs' First Objections, Plaintiffs objected *only* "insofar as the Court's recommendation does not allow Plaintiffs . . . to submit the additional information to provide the Court with sufficient information to calculate the damages due." (*Id.*) As to fees, Plaintiffs stated that "Plaintiffs' counsel is willing to submit his contemporaneous time records for in camera review." (*Id.*) Plaintiffs did not object to any portion of the First R&R.

By Order dated January 8, 2013, the Court adopted the First R&R and denied Plaintiffs' motion for damages. (Docket Entry No. 126.) The Court noted that Plaintiffs did not object to any specific portion of the First R&R and only requested "an opportunity to submit additional documents." (*Id.*) The Court allowed Plaintiffs 30 days to submit additional supporting evidence, namely: (1) the dates of employment of the opt-in Plaintiffs, and (2) supporting documentation regarding attorneys' fees. (*Id.*)

### d. Plaintiffs' Supplemental Motion for Damages

Pursuant to the Court's January 8, 2013 Order, Plaintiffs filed a supplemental motion for damages on February 6, 2013, which was referred to Judge Lindsay for a report and recommendation. (Docket Entry Nos. 126, 127.) Plaintiffs resubmitted the prior memorandum of law and supporting documentation previously submitted in support of the first motion for damages, along with (1) new declarations from two of the Plaintiffs with information regarding their dates of employment and hours worked, and (2) the consent-to-join the class forms

5

submitted by the opt-in Plaintiffs which forms included information concerning their dates of employment.  (*See* Docket Entry No. 127 Exs. C and D.)  Counsel submitted no contemporaneous time records in support of the request for attorneys' fees, instead requesting that counsel "be entitled to submit their request for attorneys' fees and costs at a later date, [as] . . . Plaintiffs will continue to accrue attorneys' fees and costs in order to enforce their judgment."  (Docket Entry No. 127 at 1.)

### e.  Judge Lindsay's Second R&R

On August 14, 2013, Judge Lindsay filed the Second R&R recommending that the Court deny Plaintiffs' motion because the supporting papers "remain deficient."  (Docket Entry No. 128 ("Second R&R") at 1.)  Judge Lindsay noted the limited additional information submitted by Plaintiffs.  (*Id.* at 3.)  Reiterating that under the circumstances, Plaintiffs may rely on "representative data" and "recollection," Judge Lindsay observed that Plaintiffs' estimate of damages still failed to make an attempt to estimate actual start dates or end dates within any particular month, or address any time-off that may have been taken by Plaintiffs, such as for vacations or sick days.  (*Id.* at 3–4)  With regard to Plaintiffs' minimum wage claim, Judge Lindsay found that Plaintiffs' failed to take into consideration any amount that Plaintiffs received in wages, instead "presum[ing] that the [P]laintiffs were not paid a single dollar in minimum wages," despite an inconsistent account provided by the declarations.  (*Id.* at 4.)  Judge Lindsay also found that Plaintiffs failed to address the issue raised in the First R&R regarding the timing of the default judgments as compared to the amendment of the complaint and class certification.  (*Id.* at 5.)  Judge Lindsay noted that Plaintiffs failed to submit supporting documentation for their request for fees, after requesting and being granted the opportunity to do so, and recommended that the request to submit documentation at a later time be denied as untimely.  (*Id.* at 6.)

### f. Plaintiffs' Objections to the Second R&R

Plaintiffs timely filed objections to the Second R&R on August 28, 2013. (Docket Entry No. 130.) In Plaintiffs' Second Objections they argue that Judge Lindsay's analysis of Plaintiffs' damages submissions "requires too much." (*Id.* at 13.) Plaintiffs also argue, without citing to any legal authority, that New World Mortgage and Munteanu should not be excused from damages despite the entry of the default judgment against them prior to the filing of the Amended Complaint and class certification. (*Id.* at 18.) As to the Amended Complaint, filed March 9, 2009, almost eight months after Plaintiffs had already obtained a default judgment against New World Mortgage, Plaintiffs contend that New World Mortgage was active in the case in March 2008 when Plaintiffs moved to amend and thus New World Mortgage had notice, and the Amended Complaint, which was served on New World Mortgage, arises from the same facts as the original Complaint and relates back to the date of the original Complaint. (Docket Entry No. 130 at 17.) Plaintiffs argue that "due process and fairness concerns . . . are simply of no moment here." (*Id.*) As to class certification, Plaintiffs argue that "Defendants knew from the day the original Complaint was filed that the case was being brought as a collective action[,] [and] . . . . [r]equiring Plaintiffs to amend their complaint and serve it each time a new opt-in sought to join the case is clearly contrary to Congress' intent in allowing FLSA cases to proceed as collective actions." (*Id.*) Finally, Plaintiffs argue that Judge Lindsay erred when denying fees and costs because the "[t]he FLSA provides that in an action for unpaid minimum wage or overtime wages, '[t]he court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee . . . and costs.'" (*Id.* at 18 (quoting 29 U.S.C. § 216(b).)

7

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2.

### b. Plaintiffs Cannot Challenge the First R&R

Plaintiffs *did not object to any portion* of Judge Lindsay's First R&R. (*See* Docket Entry No. 125.) Plaintiffs did not object to Judge Lindsay's statement of applicable law or analysis of Plaintiff's submissions — Plaintiffs *only* requested the opportunity to submit additional information. (*Id.*) "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y.S. Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."). After Plaintiffs failed to object to any portion of the First R&R, it was adopted in its entirety. (*See* Docket Entry No. 126.) At no time

8

did Plaintiff move for reconsideration. "The law of the case doctrine counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Jackson v. New York State*, --- F.3d ---, ---, 2013 WL 3305765, at *3 (2d Cir. July 2, 2013) (citation and internal quotation marks omitted); *see also Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (same). Plaintiffs have provided no compelling reason for this Court to revisit its prior rulings.

Following the adoption of the First R&R, Plaintiff was granted the opportunity to submit additional evidentiary support — not to reopen the First R&R. (*See* Docket Entry No. 126.) Judge Lindsay's First R&R identified the specific problems with Plaintiffs' application for damages, but Plaintiffs failed to address most of the deficiencies.

    c.    **Plaintiffs' Motion for Damages is Deficient**

In Plaintiffs' supplemental motion for damages, although Plaintiffs provided unredacted copies of the opt-in forms which substantiated the approximate start and end dates used for the opt-in Plaintiffs, Plaintiffs did not address the issues raised by Judge Lindsay about their estimate of the number of weeks worked, unaccounted-for time-off and already-paid wages. "[T]he court must ensure that there is a basis for the damages specified in a default judgment . . . ." *Finkel v. Universal Elec. Corp.*, No. 12-CV-2154, 2013 WL 4522594, at *9 (E.D.N.Y. Aug. 27, 2013) (adopting report and recommendation) (collecting cases), *aff'd*, 873 F.2d 38 (2d Cir. 1989)). The Court finds that Plaintiffs have failed to demonstrate that they in fact performed the work for which they claim they were not compensated.

In addition, Plaintiffs provided no legal authority to support the requested class and minimum wage damages against Defendants New World Mortgage and Munteanu where (1) the default judgment against New World Mortgage was entered almost eight months prior to the

9

addition of the minimum wage claim in the Amended Complaint, and (2) the default judgments against both New World Mortgage and Munteanu were entered prior to the grant of conditional class certification and the addition of the opt-in Plaintiffs.

### i. Plaintiffs are Not Entitled to Minimum Wage Damages Against New World Mortgage

The Second Circuit has cautioned that "Rule 54(c) provides that '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (alteration in original) (quoting Fed. R. Civ. P. 54(c) and citing *Silge v. Merz*, 510 F.3d 157, 161 (2d Cir. 2007)). The Second Circuit has explained that:

> [T]he defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

*Silge*, 510 F.3d at 159 (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2663 (1998)); *see also Keefe, Bruyette & Woods, Inc. v. Atl. S. Capital Grp.*, No. 11-CV-00810, 2012 WL 2551966, at *5 (S.D.N.Y. June 27, 2012) ("Since prejudgment interest, costs and disbursements differ in kind and exceed in amount what is demanded in the complaint, they contravene Rule 54(c)'s express language, and, consequently, are not warranted."); *Guanghong Int'l (HK) Ltd. v. Ultimate Fin. Solutions LLC*, No. 11-CV-4019, 2012 WL 1228085, at *4 (S.D.N.Y. Mar. 26, 2012) ("[B]ecause the damages sought at the inquest stage differ in kind from those sought in the complaint, they are not warranted . . . ."), *report and recommendation adopted*, No. 11-CV-4019, 2012 WL 2402902 (S.D.N.Y. June 26,

2012); *Finkel v. Triple A Grp., Inc.*, 708 F. Supp. 2d 277, 282–83 (E.D.N.Y. 2010) (adopting report and recommendation) ("By requesting interest and liquidated damages on late-paid contributions in his motion for default judgment, plaintiff now seeks a judgment 'different in kind' than that demanded in his complaint in violation of Rule 54(c). Plaintiff 'could easily have drafted a complaint that included a distinct claim for [interest and liquidated damages on late-paid contributions] in the demand clause. By operation of Rule 54(c), his failure to do so, intentional or not, ran the risk that his damages would be limited in the event of default.' Accordingly, I recommend that defendants be found not liable for these damages." (citations omitted)); *Silge*, 510 F.3d at 160 ("By limiting damages to what is specified in the 'demand for judgment,' the rule ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer.")

Here, the original Complaint against New World Mortgage asserted a FLSA claim for overtime only. (*See* Docket Entry No. 1.) Hosking added the FLSA minimum wage claim only *after* obtaining a default judgment against New World Mortgage. Rule 54 "permits neither increases 'in kind . . . or . . . in amount' from the figure specified in the demand for judgment." *Silge*, 510 F.3d at 160 (quoting Fed. R. Civ. P. 54(c)). This issue was raised without objection by Judge Lindsay in the First R&R and in Plaintiffs' Second Objections they failed either to provide legal authority in support of their request for an award of minimum wage damages against New World Mortgage or to adjust their calculation of damages to account for the timing of the default judgments.

Plaintiffs' argument that the Court should award minimum wage damages because Defendants had sufficient notice of the FLSA minimum wage claim from the motion to amend

11

the Complaint and service of the subsequent Amended Complaint is without merit. (Docket Entry No. 130 at 17.) Plaintiffs moved to amend the Complaint to add the FLSA minimum wage claim *after* obtaining a default judgment against New World Mortgage, and after New World Mortgage's counsel was permitted to withdraw. (*See* Docket Entry Nos. 12, 43, 44.) Nearly one year after the motion to amend the Complaint was filed, and more than one-and-a-half years after the default judgment was entered, the motion to amend was granted and the Amended Complaint was filed and served on New World Mortgage. (*See* Docket Entry Nos. 43, 63, 72.) In *Silge* the Second Circuit specifically stated that "[w]hile notice is one of the policy objectives underlying Rule 54(c), notice alone is insufficient to satisfy the rule." *Silge*, 510 F.3d at 161. "The timing and method of such notice (*i.e.*, that it come *before* the decision to default and be evident from the face of the complaint) are both critical to the analysis." *Id.* The Second Circuit further stated that notice that occurs "after the entry of default . . . may . . . seem[] to come too late in the day for defendants to undo the consequences of their prior decision to default, greatly limiting its practical value." *Id.* at 161–62. Any notice of the FLSA minimum wage claim provided to New World Mortgage as a result of the motion to amend the Complaint and subsequent filing and service of the Amended Complaint occurred *after* New World Mortgage's default. Plaintiffs have offered no legal authority to support an award of FLSA minimum wage damages against New World Mortgage under these circumstances. The Court finds that Plaintiffs are not entitled to damages for the later-added minimum wage claim against New World Mortgage.

### ii. Plaintiffs are Not Entitled to Collective Class Damages Against New World Mortgage and Munteanu

Plaintiffs also seek collective class damages against both New World Mortgage and Munteanu, despite the fact that the default judgments were entered against both Defendants before conditional class certification was granted and the opt-in Plaintiffs were added. This issue

was raised without objection by Judge Lindsay in the First R&R and in Plaintiffs' Second Objections they failed to either provide legal authority to support their request for an award of collective class damages against New World Mortgage and Munteanu or to adjust their calculation of damages.  Plaintiffs argue that "Defendants knew from the day the original Complaint was filed that the case was being brought as a collective action," and "[r]equiring Plaintiffs to amend their complaint and serve it each time a new opt-in sought to join the case is clearly contrary to Congress' intent in allowing FLSA cases to proceed as collective actions." (Docket Entry No. 130 at 17.)

      Courts in this Circuit have declined to apply default judgments granted to individual plaintiffs prior to class certification and the addition of opt-in plaintiffs to later-added plaintiffs. *See Rodriguez v. Antunez*, 784 F. Supp. 2d 114, 133 (E.D.N.Y. 2011) (adopting report and recommendation) (on a motion for default judgment and class certification, granting default judgment in favor of the named plaintiffs, but finding that "a default judgment [was] not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action" as defendants must have "an opportunity to respond" to their claims); *Cortes v. Astoria NY Holdings LLC*, No. 11-CV-3062, 2011 WL 5964598, at *3 n.5 (E.D.N.Y. Oct. 24, 2011) ("After the time for opting in has expired, plaintiff shall amend his complaint to include all individuals who have consented to joining the FLSA action and the amended complaint shall be served upon the defendants." (citing *Rodriguez*, 784 F. Supp. 2d at 133)); *see also Troncone v. Velahos*, No. 10-CV-2961, 2011 WL 3236219, at *8 n.8 (D.N.J. July 28, 2011) (finding on a motion for class certification and default judgment "on behalf of [plaintiff] and other members of the proposed FLSA collective action" that the court could grant plaintiff a "default judgment as to her individual FLSA claim while simultaneously granting [p]laintiff conditional certification

of the proposed class," however, because the plaintiff sought "to vindicate the rights of all members of the collective action along with her own individual rights," "rather than severing [p]laintiff from the proposed class" the court "decline[d] to grant [p]laintiff default judgment as to her individual claim at this juncture"), *reconsidered on other grounds*, No. 10-CV-2961, 2012 WL 3018061 (D.N.J. July 23, 2012). The Court finds that Plaintiffs are not entitled to damages against New World Mortgage or Munteanu for any of the class members.

### iii. Attorneys' Fees

Plaintiffs failed to provide contemporaneous time records in support of their application for attorneys' fees. To obtain an award of attorneys' fees, a plaintiff must provide contemporaneous time records. *See Scott v. City of New York*, 643 F.3d 56, 58–59 (2d. Cir. 2011); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. . . . Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done.'" (citing *Hensley v. Eckerhart*, 461 U.S. 424, 453 (1983) and *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) and quoting *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 48 (2d Cir. 1983))). Plaintiffs failed to submit any records although they requested the opportunity to do so and were given additional time by the Court to submit these records. (Docket Entry Nos. 125, 126.) Plaintiffs' request that they be allowed to submit their application for attorneys' fees at a later date is denied as untimely.

### iv. Costs

Plaintiffs have failed to substantiate their application for over $8,000 in costs. The law is clear that "[t]he fee applicant bears the burden of adequately documenting and itemizing the

14

costs requested." *Spence v. Ellis*, No. 07-CV-5249, 2012 WL 7660124, at *8 (E.D.N.Y. Dec. 19, 2012) (quoting *Pennacchio v. Powers*, No. 05-CV-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011))), *report and recommendation adopted*, No. 07-CV-5249, 2013 WL 867533 (E.D.N.Y. Mar. 7, 2013); *Telebrands Corp. v. HM Imp. USA Corp.*, No. 09-CV-3492, 2012 WL 3930405, at *14 (E.D.N.Y. July 26, 2012) (same), *report and recommendation adopted*, No. 09-CV-3492, 2012 WL 3957188 (E.D.N.Y. Sept. 10, 2012); *Pennacchio*, 2011 WL 2945825, at *2 (same); *see also Li Ping Fu v. Pop Art Int'l Inc.*, No. 10-CV-8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011) (costs as to which "plaintiff has not provided supporting documentation" are "not recoverable"), *report and recommendation adopted in relevant part*, No. 10-CV-8562, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011); *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, No. 06-CV-00617, 2007 WL 841804, at *7 (E.D.N.Y. Jan. 16, 2007) (recommending denial of plaintiff's request for costs where plaintiff "submitted no documentary evidence in support of its request for $150 in costs"), *report and recommendation adopted*, No. 06-CV-00617, slip. op. at 1 (E.D.N.Y. Mar. 16, 2007).  Plaintiffs requested a total amount of $8,799.54 and listed the types of costs as filing fees, process fees, postage, legal research, transportation, meals, and the issuance of notice through a third-party administrator.  (Langeland Decl. ¶ 5.)   Plaintiffs made no effort to document or itemize the costs incurred.

Plaintiffs have not demonstrated that they are entitled to the damages, attorneys' fees or costs requested in their motion pending before this Court.

**III. Conclusion**

Having considered Magistrate Judge Lindsay's Second R&R and the accompanying

15

objections, the Court adopts the Second R&R in its entirety. Plaintiffs' motion for damages, attorneys' fees and costs is denied. The Clerk of Court is directed to close this case.

SO ORDERED:

_____S/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 12, 2013
      Brooklyn, New York